United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40022
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

PRISCILIANO JIMENEZ-CID, also known as
Romeo Garza

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-625-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM and DAVIS,[*] Circuit Judges.

PER CURIAM:[**]

    We previously affirmed the sentence of Prisciliano Jimenez-Cid for importation of marijuana.  While petition for *certiorari* with the Supreme Court was pending in this case, the Supreme Court decided *United States v. Booker*.[1]  It subsequently granted

---

    [*]By quorum.  Judge Pickering participated in the original panel but has since retired.

    [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1]125 S.Ct. 738 (2005).

Jimenez-Cid's petition for certiorari and vacated and remanded for reconsideration in light of *Booker*.

The Government concedes, for purposes of argument, that there was *Booker* error because the district court enhanced Jimenez-Cid's sentence based on facts, other than a prior conviction, neither alleged in the indictment and proven to a jury nor admitted by Jimenez-Cid. However, because Jimenez-Cid concedes that he did not preserve this error, he must show that the error was plain by showing that the district court would have sentenced him less harshly had it known the Sentencing Guidelines were not mandatory.[2] He has not done so. There is no indication in the record that the court would have given a lower sentence; indeed, the only indication at all - that the court sentenced him at the top of the Guidelines range - suggests the opposite. Finally, Jimenez-Cid's argument that *Booker*'s remedial holding cannot be applied to him retroactively is foreclosed by this court's precedent.[3]

Jiminez-Cid's sentence is AFFIRMED.

---

[2]*See United States v. Mares*, 402 F.3d 511, 521-22 (5th Cir. 2005).

[3]*See United States v. Scroggins*, 411 F.3d 572, 575-77 (5th Cir. 2005).